IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00367-CV

 

In
re Caroline Durham and Barry Durham

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The amended petition for writ of
mandamus is denied, and this Court’s November 6, 2009 stay order is lifted.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied

Opinion
delivered and filed November 10, 2009

[OT06]








 






inst the school district employees.  If it could stop
there, with a decision that the facts give rise to two claims that could have
been asserted by the plaintiffs in two separate suits, we might be finished
with our analysis.

          But we are not finished.  We are not
finished for two reasons.  The first, which I will not belabor, is the use of
the term “suit” in section 101.106(b) as contradistinguished from the term
“claim” used elsewhere in the statute, and the second, is the unity of actual
damages as pled by the plaintiffs.

          The first is simple.  The legislature
used the broader term “suit” in section 101.106(b) than the term “claim” as
used elsewhere in the statute, for example in section 101.106(c).  The
legislature must have meant something by the use of different terms.

          Second, judicial economy not
withstanding, I expect real and substantial problems for the plaintiffs in
segregating the actual damages caused by the alleged wrongful termination claim
from the damages for the malicious prosecution claim.  A fact finder in a
single suit is probably the only way to sort out the difference in damages, if
any.  This problem is made evident and persuasively argued by WISD by reference
to the plaintiffs’ prayer for relief where the prayer is that plaintiffs
recover “jointly and severally, their actual damages” and then goes on to seek
punitive damages only against the individual defendants.  Based on the
pleading, the “recovery” sought must relate to the same actual damages for both
“claims.”  See Tex. Civ. Prac.
Rem. Code Ann. § 101.106(b) (Vernon 2005).  How else could they be
jointly and severally liable for any damages?

          As currently pled, with the prayer for
joint and several liability for damages, there can be little question that the
actions are alleged to arise “out of the same transaction, occurrence, or
series of transactions or occurrences.”  See Tex. R. Civ. P. 40(a).  But in this instance, I think the
trial court recognized that this may be only a technical issue, overcome with a
pleading amendment, to be followed up with appropriate segregation of damages by
the evidence and with an instruction limiting the use of damage evidence for only
the claim to which it applied.  Thus, while I believe the plaintiffs defeated
the trial court’s jurisdiction by the manner of their pleading, I believe it is
a pleading defect that could be, and must be, remedied.  Thus, the appropriate
result is to reverse the trial court’s order denying the plea to the
jurisdiction and remand the case to the trial court for further proceedings
consistent with our opinion.  See Subaru of American, Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212 (Tex. 2002); Johnson v. Tims, No.
10-05-00006-CV, 2005 Tex. App. LEXIS 5053 (Tex. App.—Waco June 29, 2005, no
pet. h.).  Because the majority does not, I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed September 7, 2005

Dissenting
opinion reissued November 23, 2005